# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHARON B. HOLLAND,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-0752-11-0696-A-1

DATE: February 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sharon B. Holland</u>, Schertz, Texas, pro se.

<u>Charles R. Vaith</u>, Esquire, Randolph Air Force Base, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which granted in part her motion for attorney fees. For the reasons discussed below, we GRANT IN PART the appellant's petition for review and AFFIRM the initial decision AS MODIFIED to order the agency to pay the designated attorney an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

additional $562.50 in fees. Except as expressly MODIFIED by this Final Order, the initial decision is the Board's final decision.

¶2　　　By way of background, the appellant filed an appeal challenging her reduction in grade to the GS-12 level in connection with the 2010 conversion of her position from the National Security Personnel System to the General Schedule. The administrative judge dismissed the appeal for lack of jurisdiction, *Holland v. Department of the Air Force*, MSPB Docket No. DA-0752-11-0696-I-1, Initial Decision at 1, 9 (Jan. 25, 2012), but on review, the Board reversed the initial decision, finding that the agency had subjected the appellant to an appealable reduction in grade without having provided her minimum due process. *Holland v. Department of the Air Force*, MSPB Docket No. DA-0752-11-0696-I-1, Final Order at 1, 3-4 (June 29, 2012). The Board ordered the agency to restore the appellant to the GS-13 grade, but, because the administrative judge had not addressed the appellant's claims of discrimination and retaliation, the Board remanded the appeal for adjudication of those claims. Final Order at 4. On remand, the administrative judge found that the appellant did not prove that the agency discriminated or retaliated against her, *Holland v. Department of the Air Force*, MSPB Docket No. DA-0752-11-0696-B-1, Initial Decision at 2, 12 (Oct. 31, 2012), and the Board denied the appellant's petition for review and affirmed the initial decision, *Holland v. Department of the Air Force*, MSPB Docket No. DA-0752-11-0696-B-2, Final Order at 2 (Sept. 24, 2013). While that matter was pending, the appellant filed a petition for enforcement contesting the propriety of the grade level to which she was restored. The administrative judge denied the appellant's petition, *Holland v. Department of the Air Force*, MSPB Docket No. DA-0752-11-0696-C-1, Compliance Initial Decision at 1, 4 (Jan. 18, 2013), and the Board, on review, affirmed the initial decision but modified it by ordering the agency to amend the appraisals the appellant received after she was returned to the General Schedule to reflect that she was at the GS-13 level from

that date, *Holland v. Department of the Air Force*, MSPB Docket No. DA-0752-11-0696-C-1, Final Order at 1-2, 4 (Apr. 17, 2014).

¶3      The appellant then submitted a request for attorney fees in the amount of $5,967.50 representing attorney time spent from September 25, 2010, to January 30, 2013. Addendum Appeal File (AAF), Tab 1. According to the appellant, she retained the attorney in question to provide legal services in dealing with the agency and the Board, including contacting and corresponding with agency personnel, attempting to negotiate with them, and providing legal advice and guidance regarding the Board's processes.[2] *Id.* at 1. In a subsequent submission, the appellant increased the request to $6,350, reflecting additional attorney time spent in connection with the fee motion through July 4, 2014. *Id.*, Tab 3. The agency responded, challenging the motion on a variety of grounds. *Id.*, Tab 4.

¶4      The administrative judge granted the appellant's fee motion in part, awarding her $337.50. *Id.*, Tab 10, Addendum Initial Decision (AID) at 1, 10. The administrative judge first found that the appellant was a prevailing party in her initial appeal in that she obtained all the relief she sought in connection with the reduction in grade action. AID at 3-4. The administrative judge found that the appellant was not a prevailing party as to her discrimination and retaliation claims because the Board denied them, and that she was not a prevailing party as to the enforcement action because she was not afforded the relief she sought, restoration to a GS-14 or GS-15 position. AID at 4 n.2. The administrative judge next found, regarding the initial appeal, that fees were warranted in the interest of justice because the agency committed gross procedural error by violating the appellant's right to due process. AID at 4-5.

¶5      The administrative judge found that an attorney-client relationship existed between the appellant and her counsel and that fees were incurred. AID at 5-6.

---

[2] Nonetheless, the appellant appeared pro se during her initial appeal, the remand proceeding, and the enforcement matter.

In considering the reasonableness of the fees claimed, the administrative judge found that $225 per hour is a reasonable rate,[3] AID at 6-7, but that most of the hours claimed did not relate to the matter on which the appellant prevailed, AID at 8.  Specifically, the administrative judge found that the attorney was not entitled to be compensated for work he performed or time he spent during the year before the appellant filed her appeal because none of that work appeared to have played any part in her success before the Board.  AID at 8-9; AAF, Tab 1 at 9-12.  The administrative judge further found that the attorney was not entitled to be compensated for work he performed or time he spent after the Board issued its remand order; that is, work related to her discrimination and enforcement claims, because she was not a prevailing party as to those claims.  AID at 9; AAF, Tab 1 at 12-14.  The administrative judge found that the attorney was entitled to be compensated for work he performed between the time the appellant filed her appeal and the time the Board reversed the reduction in grade action, and that the 1½ hours he spent conferencing with the appellant and receiving and reviewing documents was reasonable.  AID at 9; AAF, Tab 1 at 12.  As such, the administrative judge ordered the agency to pay the appellant's attorney $337.50 (1½ hours at $225 per hour).  AID at 10.

¶6      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded,[4] *id.*, Tab 4.  In her petition for review, the appellant objects to the "small percentage" of attorney fees awarded on the basis that the attorney provided legal advice for "all [of her] MSPB cases

---

[3] The appellant agreed to that hourly rate, as evidenced by the retainer agreement she signed, AAF, Tab 1 at 7-8, and the administrative judge found, based on evidence submitted by the attorney and her own knowledge and experience, that $225 per hour is a reasonable rate for the type of work performed in this appeal, AID at 6-7.

[4] The appellant argues that the agency's response was untimely filed in that it was due on December 7, 2014, PFR File, Tab 2, but was not filed until December 8, 2014, *id.*, Tab 4.  However, December 7, 2014 was a Sunday.  Therefore the agency's response was timely filed on the next business day, December 8, 2014.  5 C.F.R. § 1201.23.

associated with the current case." PFR File, Tab 1 at 2. She refers to the remand proceeding on discrimination, the enforcement action, and the fees motion. *Id.*

¶7 The appellant has not shown error in the attorney fees initial decision. Fees may be reduced for time spent on unsuccessful equal employment opportunity matters where the appellant fails to show that the matters were related to her success in the appeal. *See Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 14 (2000). Here, the appellant's victory was completely unrelated to the facts and issues in her discrimination and retaliation allegations. Rather, she prevailed based upon a legal analysis concluding that the agency reduced her in grade without providing her due process. This legal issue and the limited facts necessary to adjudicate it are unrelated to the facts and issues surrounding the appellant's claims that the agency discriminated and retaliated against her. *See Sowa v. Department of Veterans Affairs*, 96 M.S.P.R. 408, ¶ 19 (2004). Moreover, as the administrative judge correctly found, the appellant's discrimination and retaliation claims were unrelated to her success in her Board appeal. As set forth above, she prevailed based on the finding that she had been denied due process. Although she was entitled to, and did, pursue her discrimination and retaliation claims, they played no part in her victory and were otherwise unsuccessful. Therefore the appellant is not entitled to attorney fees for time spent pursuing these unsuccessful claims before the Board. *See Gensburg*, 85 M.S.P.R. 198, ¶ 14.

¶8 Similarly, concerning the appellant's request for fees arising out of the enforcement proceeding, she has failed to show that she was a prevailing party because she did not establish that the agency materially breached the Board's enforceable order. *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 12 (2010). The appellant alleged in her petition for enforcement that the agency failed to restore her to her position as ordered by the Board and that she should have been assigned to a position at a higher grade than GS-13. The Board affirmed the administrative judge's decision denying the appellant's petition, but

modified it, ordering the agency to amend the appraisals the appellant was issued after she was returned to the General Schedule to reflect that she was at the GS-13 level from the date of her return. Although the agency's action regarding the appellant's appraisals which prompted this order did constitute noncompliance with the Board's earlier order to retroactively restore her to a GS-13 position, we find that it was at most a technical, not a material breach, inasmuch as the relief the appellant sought in filing the petition for enforcement was to be restored to a position at a grade higher than a GS-13. Because she was not successful in that respect, she failed to establish that she was a prevailing party in the compliance phase of the proceedings and is therefore not eligible for payment for attorney fees incurred during that phase of the proceedings. *See Shelton*, 115 M.S.P.R. 177, ¶ 23.

¶9         Subsequent to the appellant's original fee petition, she resubmitted the attorney's log of time spent. AAF, Tab 3 at 11-16. Unlike the original log, this log included time spent by the attorney preparing the fee petition. *Id.* at 16. Because the administrative judge did not acknowledge or consider this supplemental request, we do so now. Fees may be awarded for hours reasonably spent on a notion for attorney fees. *Shoemaker v. Department of Health & Human Services*, 21 M.S.P.R. 14, 17 (1984). The attorney's records reflect that, between June 11 and July 4, 2014, he spent 2½ hours preparing the fee motion, and preparing and amending affidavits in support of the motion. AAF, Tab 3 at 16-21. We find that such time was reasonably spent and that the attorney is entitled to be compensated for it.

¶10        The appellant objects to the order that the fees awarded be paid to the attorney, arguing that she has paid him in full. PFR File, Tab 1 at 2. It is well established that fee awards accrue to counsel. However, an attorney who secures a fee award must repay the client for any fees already received to prevent loss to the appellant and to avoid double benefits to counsel. *Mudrich v. Department of Agriculture*, 92 M.S.P.R. 413, ¶ 21 (2002); *O'Donnell v. Department of the*

*Interior*, [2 M.S.P.R. 445](#), 454 n.10 (1980), *overruled on other grounds by Koch v. Department of Commerce*, [19 M.S.P.R. 219](#) (1984).

¶11 The appellant requests punitive damages. PFR File, Tab 1 at 3. She did not raise this matter below and therefore we need not now consider it. *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980). In any event, the Board lacks authority to award punitive damages. *Cunningham v. Department of Veterans Affairs*, [91 M.S.P.R. 523](#), ¶ 3 (2002).

¶12 The appellant has submitted on review a number of documents that were part of the record below. PFR File, Tab 1 at 7-22, 24-26. Such documents do not constitute new evidence. *Meier v. Department of the Interior*, [3 M.S.P.R. 247](#), 256 (1980). She also has submitted a document that she provided during the processing of her initial appeal, PFR File, Tab 1 at 23, which is neither new nor material, *Avansino v. U.S. Postal Service*, [3 M.S.P.R. 211](#), 214 (1980); *Russo v. Veterans Administration*, [3 M.S.P.R. 345](#), 349 (1980). Therefore we have not considered it.

## ORDER

¶13 We ORDER the agency to pay $900.00 to the appellant's counsel, which consists of the $337.50 previously ordered by the administrative judge and an additional $562.50 in fees (2½ hours at $225 per hour) for the reasons discussed above. The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) ([5 U.S.C. § 1204](#)(a)(2)).

¶14 We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* [5 C.F.R. § 1201.181](#)(b).

¶15      No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.